UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR LOPEZ,<br><br>              Plaintiff,<br><br>       v.<br><br>PATRICK COVELLO, Warden, et al.,<br><br>              Defendants. | No. 2:21-cv-2380-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, he has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### Screening Order

Plaintiff alleges he contracted COVID-19 while confined to Mule Creek State Prison. He links his infection to his canteen supervisor, Singh Praveen. According to the complaint, Praveen refused to wear any type of protective equipment and attended work with flu-like symptoms, including coughing, red and puffy eyes, a runny nose, and irritability. ECF No. 1 at 14-15. When

plaintiff inquired about Praveen's health, Praveen allegedly confided that he did not report his symptoms to his employer because he would not be able to come to work and he did not want anyone else to run the canteen in his absence. *Id.* at 15. Praveen reported to work on November 19, 2020 but was prohibited from entering because he tested positive for the coronavirus. *Id.* Plaintiff tested positive for the virus on November 23, 2020.

The complaint also alleges that the outbreak of coronavirus at Mule Creek State Prison was the result of "finger pointing" among defendant Warden Covello, the medical department run by defendant Chief Medical Officer Ball, and the public health care nurse defendant S. Robert. *Id.* at 1-18. The complaint alleges that inmates should have been tested for the virus at the same time that employees began to be tested and that KN95 or N95 masks should have been made available to inmates prior to December 2020. It further claims that testing employees only every fourteen days and allowing them to work while their results were pending contributed to the outbreak, as did the overall failure of staff to enforce proper mask wearing and social distancing.

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1991) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. *Farmer*, 511 U.S. at 834.

Liberally construed, the complaint states a potentially cognizable Eighth Amendment claim against defendant Praveen under these Eighth Amendment standards. The claims against defendants Covello, Ball, and Robert, however, are too vague and conclusory to survive screening as it is not clear how any of them personally participated in a violation of plaintiff's rights. Nor do the allegations indicate that these defendants were aware of the risk presented by Praveen but deliberately disregarded it. Rather, they appear to be named as defendants simply because of their roles as supervisors, which is not a proper basis for liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

/////

3

1   For these reasons, plaintiff may either proceed only on the potentially cognizable Eighth Amendment claim against defendant Praveen or he may amend his complaint to attempt to cure the complaint's deficiencies.  Plaintiff is not obligated to amend his complaint.

Leave to Amend

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above.  Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff is not obligated to file an amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed.  *See* E.D. Cal. L.R. 110.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint alleges, for screening purposes, potentially cognizable Eighth Amendment conditions of confinement claim against defendant Praveen.
4. All other claims (including those against defendants Covello, Ball, and Robert) are dismissed with leave to amend within 30 days of service of this order.  Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint.  If the former option is selected and returned, the court will enter an order directing service at that time.
6. Failure to comply with any part of this this order may result in dismissal of this action.

Dated:  January 24, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PATRICK COVELLO, et al.,<br><br>　　　　Defendants. | No.  2:21-cv-2380-EFB P<br><br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____   proceed only with the Eighth Amendment conditions of confinement claim against defendant Praveen;

OR

(2) _____   delay serving any defendant and file an amended complaint.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated:

6