UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR LOPEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>SINGH PRAVEEN,<br><br>          Defendant. | No.  2:21-cv-02380-DJC-EFB (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  ECF No. 1.  This case proceeds on an Eighth Amendment claim against defendant Praveen, all other defendants and claims having been dismissed.  ECF Nos. 7 & 17.  Before the court is defendant's motion for summary judgment.  ECF No. 32.  Plaintiff has filed an opposition, and defendant has replied.[1]  ECF Nos. 40 & 41.  For the reasons explained in this decision, the undersigned will recommend that defendant's motion for summary judgment be granted.

I.     **The Complaint**

Plaintiff alleges that, at all relevant times, defendant Praveen operated the canteen on the

---

[1] Plaintiff has also filed a sur-reply and objections to evidence, which the court has reviewed but which are extraneous to the briefing contemplated by the Federal Rules.  ECF Nos. 42 & 43.

1

Facility A yard at Mule Creek State Prison (MCSP). ECF No. 1 at 10. In November 2020, plaintiff was working a prison-assigned job at the canteen, and defendant was his supervisor. *Id.* at 14, ¶ 17. According to the complaint, defendant had "flu-like symptoms," including red eyes and a runny nose, and did not wear a face mask or other protective equipment. *Id*. Defendant allegedly told plaintiff he was not reporting his illness because he didn't want someone else running the canteen in his absence. *Id.* at 14, ¶ 18. On November 19, 2020, defendant reported to work but was sent home because he had tested positive for Covid-19. *Id.*, ¶ 19. Plaintiff was moved to quarantine housing and, on November 23, 2020, tested positive for Covid-19. *Id.*, ¶¶ 20-21.

## II. Legal Standards

### A. Summary Judgment under Rule 56

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record…." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or shows that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the

fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *see Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987). In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

### B.  Eighth Amendment

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511

U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, (*Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991))), and (2) the prison official possesses a sufficiently culpable state of mind (*id.* (citing *Wilson*, 501 U.S. at 297)).

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* In order to prevail and recover damages against a prison officials, plaintiff must prove (1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the Eighth Amendment and (2) that this indifference was the actual and proximate cause of the deprivation of the Eighth Amendment right to be free from cruel and unusual punishment. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988), *citing Zatler v. Wainwright*, 802 F.2d 397, 400–01 (11th Cir. 1986).

### III. Motion for Summary Judgment

In his motion, defendant argues that plaintiff's Eighth Amendment claim cannot go forward because he has not established causation, i.e., showed that defendant infected plaintiff with Covid-19.

#### A. Undisputed Facts

The following facts are undisputed[2]: Plaintiff was an inmate housed at MCSP during the alleged events. DSUF 1. In November 2020, plaintiff was assigned as an inmate canteen worker in the canteen at Facility A. DSUF 19. His job was to obtain items for canteen customers, and he worked Monday through Friday from November 1, 2020 to November 18, 2020. DSUF 20, 21.

During this time, various restrictions related to Covid-19 were in place, and all inmates and staff members were required to wear masks. DSUF 4, 5. Prison employees were tested

---

[2] *See* ECF No. 32-2 (Defendant's Statement of Undisputed Facts (DSUF)) & ECF No. 40 at 8 (Plaintiff's Statement of Disputed Facts).

multiple times per week for Covid-19.  DSUF 12.  In November 2020, employees at MCSP who tested positive for Covid-19 were required to isolate at home and not return to work for at least 10 days, even if they did not exhibit any symptoms.  DSUF 14.

Defendant was a Materials and Store Supervisor at MCSP, supervising inmate-employees in the canteen.  DSUF 27.  On November 20, 2020, defendant learned that he had tested positive for Covid-19.  DSUF 28.  He did not feel ill, but he stayed home as required by prison policy.  DSUF 29.  He did not report to work from November 20, 2020 to November 30, 2020.  DSUF 30.

A nasal swab was taken from plaintiff on November 23, 2020, and on November 27, 2020, he tested positive for Covid-19.  DSUF 22.  Also on November 27, 2020, plaintiff was moved from Facility A to the gymnasium in Facility C, where inmates who had tested positive for Covid-19 were placed in quarantine.  DSUF 23.  Plaintiff had access to medical care while in isolation for Covid-19, was checked on daily by medical staff, and was able to see a physician on request during that time.  DSUF 24-26.

### B. Disputed Facts

In opposition to summary judgment, plaintiff asserts: "Medical department traced . . . Plaintiff's contracting the Covid-19 virus to Defendant Singh due to Facilities infected inmates having interactions with Defendant Singh during November 9 through November 16, 2020."  ECF No. 40 at 8 (Plaintiff's Statement of Disputed Facts).  In support, plaintiff cites a declaration by inmate Raymond Pickett, who was also a canteen worker under defendant's supervision in November 2020.  ECF No. 40 at 22 (Pickett Decl.) at ¶¶ 3-4.  Pickett states that, on December 15, 2020, he told defendant Singh

> that he was responsible for inmate Lopez testing positive and the outbreak of Covid-19 at Facilities A and B.  [Singh] replied by indicating that inmate Lopez must have contracted the Covid-19 virus elsewhere, because his positive test [was] a false positive test.

Pickett Decl. at ¶ 10.  Pickett concluded that defendant "was not being truthful."  *Id.* at 11.

Plaintiff further claims that evidence of defendant's contacts during the week of November 9-16, 2020 establish that he caused plaintiff to test positive for Covid-19 on November 27, 2020.  ECF No. 40 at 10.

5

C. **Discussion**

Here, plaintiff has failed to cite evidence showing that defendant's actions in mid-November 2020 caused plaintiff to test positive for Covid-19 several days later. *See Celotex Corp.,* 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."). Notwithstanding the speculative opinion by the canteen worker, which lacks foundation, there is no proof that defendant was the actual and proximate cause of a constitutional deprivation. *See Crittenden v. Diaz,* 2021 WL 5564797, at *2 (N.D. Cal. Nov. 29, 2021) ("Plaintiff must describe the *specific circumstances* by which the transfer of the Chino Prison inmates can be causally linked to his contracting the virus") (emphasis added); *Richardson v. Allison,* 2022 WL 1409835, *7 (E.D. Cal. May 4, 2022) ("In order to state a cognizable Eighth Amendment claim against [prison] defendants, a plaintiff must provide more than generalized allegations that they have not done enough to control the spread [of Covid-19]."); *Leer,* 844 F.2d at 634 ("Sweeping conclusory allegations [as to causation] will not suffice to prevent summary judgment" on a § 1983 claim). In the circumstances set forth in the undisputed facts, plaintiff could have caught Covid-19 from another inmate or staff member, either before or during the time defendant was on a ten-day leave from work. Mere speculation on the part of plaintiff and his inmate co-worker Pickett that defendant passed the virus to plaintiff during a pandemic is not sufficient proof of causation to survive summary judgment.

Accordingly, it is HEREBY RECOMMENDED THAT:

1. Defendant's motion for summary judgment (ECF No. 32) be granted;
2. Judgment be entered for defendant; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 19, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE