UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR LOPEZ, | No. 2:21-cv-02380-DJC-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| SINGH PRAVEEN, | |
| Defendant. | |

Plaintiff, a state inmate proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 1, 2023, Defendant filed a Motion for Summary Judgement. (Mot. Summ. J. ("MSJ") (ECF No. 32)), which Plaintiff opposed (Opp'n (ECF No. 41)). On December 19, 2023, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations. (ECF No. 49.)

The Court has reviewed the file and declines to adopt the findings and recommendations.

A prison official violates the Eighth Amendment if they are deliberately indifferent to serious threats to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). As Defendant has conceded "'no one questions that [COVID-19] poses a substantial risk of serious harm' to inmates . . . ." (Reply (ECF No. 41) (quoting *Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. 2020))); *see also Peyton v. Cates*, No. 1:22-cv-00151-JLT-EPG, 2022 WL 1430752, at *6 (E.D. Cal. May 5, 2022). The questions at issue here, instead, are whether Defendant's actions or inactions demonstrated deliberate indifference to that risk of harm, and whether Defendant in fact caused Plaintiff harm. *Peyton*, 2022 WL 1430752, at *6.

Plaintiff has provided sufficient evidence to create a genuine dispute of fact as to whether Defendant deliberately disregarded the risk of infecting Plaintiff with Covid-19. In his Declaration, Plaintiff attests that despite exhibiting Covid-19 symptoms including coughing, runny nose, and red eyes, Defendant reported to work at the prison and worked in close proximity to Plaintiff without wearing proper protective equipment such as a face mask. (Opp'n, Ex. 1, Decl. of S. Lopez at 1–2.) Plaintiff and Defendant worked together on Friday November 13, 2020, and Monday through Wednesday November 16 through 18, 2020. (MSJ, Decl. of D. Santos, Exs. B and D (ECF No. 32-6).) On November 17, 2020, Defendant took a Covid-19 test which returned a positive result on either November 19 or 20, 2020, confirming that Defendant was infected with Covid-19 as of at least November 17, 2020. (Decl. of S. Lopez at 2; Opp'n., Ex. 3, Def.'s Resp. to Pl.'s Interrog. at 3.)

Defendant attempts to shield himself by emphasizing the Covid-19 protocols put in place by Mule Creek State Prison and the fact that Defendant went on leave after receiving a positive test result. However, these facts only go toward whether the prison reasonably responded to a risk of harm, not whether Defendant personally disregarded the risk of harm.[1] Plaintiff's core allegations are that Defendant flouted

---

[1] Defendant's reliance on the fact that Plaintiff receiving medical care after contracting Covid-19 is similarly misplaced because, again, it goes to the facility's response, not Defendant's.

the prison's protocols and disregarded the risk of exposing Plaintiff to Covid *before* Defendant received a positive test result.  While the prison required employees to submit a health survey every day, Plaintiff attests in his Declaration that Defendant said he was not reporting his symptoms because he did not want to be excluded from work. (Decl. of S. Lopez at 1–2.)  Plaintiff also attests that Defendant did not wear a mask as required by the prison. (*Id.*)  Further, even though there is no dispute that Defendant was testing in accordance with the protocol and abstained from work as soon as he received a positive result, California Department of Corrections and Rehabilitation guidance from the time warned employees that they could have an active infection and transmit the disease to others despite not yet having tested positive for Covid-19.  (*See* MSJ, Decl. of A. Altschuler, Ex. A (ECF No. 32-10) at 2–7.) The same guidance warned prison employees of the risk of exposing another person to Covid-19 by failing to wear a mask or practice physical distancing.  (*Id.*)

These facts, if true, support an inference that Defendant knew or should have known of the risk of infecting another person with Covid-19 even before receiving a positive test, and the appropriate precautions to minimize that risk.  "[K]nown noncompliance with generally accepted guidelines for inmate health strongly indicates deliberate indifference to a substantial risk of serious harm." *Shank v. Corizon Inc.*, No. CV-19-04638-PHX-ROS, 2020 WL 5628014, at *4 (D. Ariz. Sept. 2, 2020) (quoting *Hernandez v. Cnty. of Monterey*, 110 F. Supp. 3d 929, 943 (N.D. Cal. 2015)); *see, e.g.*, *Ahlman v. Barnes*, 445 F. Supp. 3d 671, 688–91 (C.D. Cal. 2020) (finding that the plaintiff had established both objective and subjective indifference where the defendant failed to comply with Centers for Disease Control and Prevention guidance despite being put on notice that the "failure to take certain precautionary measures would result in an increase in the spread of infections").

There is also sufficient evidence from which a reasonable jury could conclude it was more likely than not that Defendant caused Plaintiff to contract Covid-19.  As stated above, Plaintiff and Defendant worked together in close proximity November

16 through 18, 2020, and Defendant was infected with Covid-19 as of at least November 17, 2020.  Plaintiff was moved into quarantine the same day Defendant's Covid-19 test produced a positive result.  (MSJ, Decl. of D. Santos (ECF No. 32-5) ¶ 2.)  Defendant admitted in response to Plaintiff's Requests for Admission that "on November 19, 2020 all the inmates who were assigned at Mule Creek State Prison Facility A canteen including Plaintiff where place (sic) on quarantine due to [Defendant's] positive COVID-19 result." (Opp'n, Ex. 4 at 3–4.).  During his deposition, Plaintiff stated that he had started exhibiting Covid-19 symptoms shortly after being placed in quarantine.  (MSJ, Dep. of S. Lopez (ECF No. 32-13) at 8–10.)  Plaintiff was then tested for Covid-19 on November 23, 2020, which resulted in a positive result on November 27, 2020.  (*Id.* at 11; MSJ, Decl. of S. Lopez, Supervising Health Records Tech, Ex. B (ECF No. 32-8).)  Again, this means that Plaintiff was infected with Covid-19 as of at least November 23, 2020, five days after being exposed by Defendant on November 17, 2020.

These allegations are more concrete and specific than the "generalized allegations" found insufficient in cases cited by Defendant.  For example, in *Crittenden v. Diaz*, the plaintiff failed to allege who exposed him to Covid-19, when he tested positive, and how the defendants were responsible.  The court stated that if the plaintiff had alleged "he was exposed to inmates who were known to be infected with the virus shortly after [a prison transfer] and the prison failed to take safety measures to reduce Plaintiff's risk of exposure, then it [would be] more likely than not that the transfer was the cause."  No. 21-05805 BLF (PR), 2021 WL 5564797, at *2 (N.D. Cal. Nov. 29, 2021).  Here Plaintiff has provided those specific circumstances, namely that Defendant had an active Covid-19 infection while he was working in close proximity to Plaintiff – thereby exposing Plaintiff to Covid-19 – and that Plaintiff contracted Covid-19 shortly after the exposure despite being almost immediately quarantined.  Plaintiff's allegations similarly go beyond a general complaint that a prison official had "not done enough to control the spread of COVID." *Richardson v. Allison*, No. 1:21-

CV-00070-BAK, 2022 WL 1409835, at *6 (E.D. Cal. May 4, 2022), *report and recommendation adopted*, No. 1:21-CV-00070-JLT-BAK, 2022 WL 2080054 (E.D. Cal. June 9, 2022).  Rather, Plaintiff points to specific procedures that Defendant allegedly failed to comply with to prevent infecting Plaintiff.

Based on Plaintiff's attestations and other evidence in the record, there are genuine disputes of fact with regard to whether Defendant knew or should have known that he had Covid-19 symptoms and risked transmitting the disease to Plaintiff, and whether Defendant took reasonable and appropriate action in light of those symptoms, or instead disregarded the risk of harm he posed to Plaintiff.  There are also sufficient facts from which a reasonable jury could find causation.  Summary judgement is therefore not appropriate.

Since the Magistrate Judge concluded that Defendant was entitled to summary judgment on the merits of his Eighth Amendment deliberate indifference claim, the Magistrate Judge did not have the opportunity to determine whether the Defendant is entitled to qualified immunity.  The Court will refer the matter back to the Magistrate Judge to make that determination in the first instance.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed December 19, 2023 (ECF No. 45), are rejected; and

2.  The matter is referred back to the Magistrate Judge to determine whether Defendant is entitled to qualified immunity, and whether summary judgement should be granted on that basis.

IT IS SO ORDERED.

Dated:   **March 26, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE