UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR LOPEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>SINGH PRAVEEN,<br><br>        Defendant. | No.  2:21-cv-02380-DJC-EFB (PC)<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  ECF No. 1.  This case proceeds on an Eighth Amendment claim against defendant Praveen based on alleged deliberate indifference to plaintiff's risk of becoming infected with Covid-19.  ECF Nos. 7 & 17.  Defendant moved for summary judgment (ECF No. 32) and on March 27, 2024, the district judge concluded that genuine disputes of material fact preclude summary judgment.[1]  ECF No. 51.  Specifically, the district judge found that there are genuine disputes over whether the defendant knew or should have known that he had Covid-19 symptoms and risked transmitting the disease to plaintiff, and whether the defendant took reasonable and appropriate action in light of those symptoms, or instead disregarded the risk of harm he posed to plaintiff.  ECF No. 51 at 5.  The district judge also found a genuine factual

---

[1] That ruling declined to follow findings and a recommendation (ECF No. 32) that the motion be granted.  ECF No. 45.

1

dispute as to causation. Accordingly, the matter was referred back to the magistrate judge to consider defendant's argument that he is entitled to qualified immunity.

For the reasons set forth below, it is recommended that defendant's motion for summary judgment on the basis of qualified immunity be denied.

### I. The Complaint

Plaintiff alleges that, at all relevant times, defendant Praveen operated the canteen on the Facility A yard at Mule Creek State Prison (MCSP). ECF No. 1 at 10. In November 2020, plaintiff was working at the canteen, and defendant was his supervisor. *Id.* at 14, ¶ 17. According to the complaint, defendant had "flu-like symptoms," including red eyes and a runny nose, and did not wear a face mask or other protective equipment. *Id*. Defendant allegedly told plaintiff he was not reporting his illness because he didn't want someone else running the canteen in his absence. *Id.* at 14, ¶ 18. On November 19, 2020, defendant reported to work but was sent home because he had tested positive for Covid-19. *Id.*, ¶ 19. Plaintiff was moved to quarantine housing and, on November 23, 2020, tested positive for Covid-19. *Id.*, ¶¶ 20-21.

### II. Legal Standards

### A. Summary Judgment under Rule 56

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record…." Fed. R. Civ. P. 56(c)(1)(A). In resolving the summary judgment motion, the evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as

a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

### B. Qualified Immunity

Qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotations omitted). A defendant is entitled to qualified immunity "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Id.* at 743.

Showing the unlawfulness of the conduct was "clearly established" requires a showing that "at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *Id.* (citation and internal quotation marks omitted); *see also Kisela v. Hughes*, 540 U.S. 100, 105 (2018) (per curiam) ("An officer 'cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.'" (citation omitted)). "While there does not have to be 'a case directly on point,' existing precedent must place the lawfulness of the [conduct] 'beyond debate.'" *Villanueva v. California*, 986 F.3d 1158, 1165 (9th Cir. 2021) (alteration in original) (quoting *Wesby*, 138 S. Ct. at 590).

The Supreme Court has warned courts not to define clearly established law "at too high a level of generality." *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021) (per curiam); *Kisela*, 540 U.S. at 104. "[T]he farther afield existing precedent lies from the case under review, the more likely it will be that the officials' acts will fall within that vast zone of conduct that is perhaps regrettable but is at least arguably constitutional." *Hamby v. Hammond*, 821 F.3d 1085, 1095 (9th Cir. 2016). But "officials can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (explaining that

"a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though 'the very action in question has [not] previously been held unlawful'" (alteration in original) (quoting *United States v. Lanier*, 520 U.S. 259, 271 (1997)). Whether such a clearly established right exists is "a question of law" for the court to decide. *Morales v. Fry*, 873 F.3d 817, 819 (9th Cir. 2017).

### III.     Factual Background

In November 2020, plaintiff was assigned as an inmate canteen worker in the canteen at Facility A.  DSUF 19.  He worked Monday through Friday from November 1, 2020 to November 18, 2020.  DSUF 20, 21.

During this time, various restrictions related to Covid-19 were in place, and all inmates and staff members were required to wear masks.  DSUF 4, 5.  Prison employees were tested multiple times per week for Covid-19.  DSUF 12.  In November 2020, employees at MCSP who tested positive for Covid-19 were required to isolate at home and not return to work for at least 10 days.  DSUF 14.

Defendant worked at MCSP, supervising inmate-employees in the canteen.  DSUF 27.  On or around November 20, 2020, defendant learned that he had tested positive for Covid-19.  DSUF 28.  Per prison policy, he did not report to work from November 20, 2020 to November 30, 2020.  DSUF 30.

A nasal swab was taken from plaintiff on November 23, 2020, and on November 27, 2020, he tested positive for Covid-19.  DSUF 22.

In his March 26, 2024 order, the district judge summarized the "genuine dispute of fact" as to plaintiff's Eighth Amendment claim as follows:

> In his Declaration, Plaintiff attests that despite exhibiting Covid-19 symptoms including coughing, runny nose, and red eyes, Defendant reported to work at the prison and worked in close proximity to Plaintiff without wearing proper protective equipment such as a face mask.  Plaintiff and Defendant worked together on Friday, November 13, 2020, and Monday through Wednesday, November 16 through 18, 2020.  On November 17, 2020, Defendant took a Covid-19 test which returned a positive test result on either November 19 or 20, 2020, confirming that Defendant was infected with Covid-19 as of at least November 17, 2020.

ECF No. 51 at 2 (emphasis added, record citations omitted).  The district judge determined that

plaintiff's "core allegations are that Defendant flouted the prison's protocols and disregarded the risk of exposing Plaintiff to Covid before Defendant received a positive test result." ECF No. 51 at 3.

**IV.    Discussion**

Here, the district judge has already found that triable issues of fact preclude summary judgment on the question of whether defendant's actions of reporting to work and without a face mask[2] knowing he had symptoms deliberately created an unreasonable risk of infecting plaintiff. Thus, the remaining question is whether the right in question was clearly established in November 2020.

To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what [the official] is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  This does not mean, however, that "official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the pre-existing law the unlawfulness must be apparent." *Id.*

The Supreme Court has long established the right of prisoners to protection from heightened exposure to serious communicable diseases. *See, e.g., Helling v. McKinney*, 509 U.S. 25, 33 (1993) (holding that the Eighth Amendment prevents prison officials from being "deliberately indifferent to the exposure of inmates to a serious, communicable disease").  "For purposes of qualified immunity, that legal duty need not be litigated and then established disease by disease or injury by injury." *Estate of Clark v. Walker*, 865 F.3d 544, 553 (7th Cir. 2017). COVID-19 is such a serious communicable disease.  Accordingly, multiple courts in this Circuit

---

[2] One court has concluded that a correctional officers' disregard of prison Covid-19 protocols by failing to wear face masks in 2020 did not amount to an Eighth Amendment violation. *See*, *e.g.*, *Munoz v. Gipson*, 2024 WL 1182860, *13 (N.D. Cal. March 19, 2024). That court found that "even if [defendant] had not followed the institution's procedures and protocols, such actions would amount at most to negligence, which is insufficient to demonstrate that [defendant] was deliberately indifferent to [plaintiff's] health or safety." *Id*.  Here, the district judge has already found that triable issues of fact exist as to whether the defendant's conduct violated Eighth Amendment.  Furthermore, the claim of deliberative indifference here includes conduct more culpable than simply failing to wear a mask.

have concluded that "the law is clearly established that individuals in government custody have a constitutional right to be protected against a heightened exposure to serious, easily communicable diseases, and . . . this clearly established right extends to protection from COVID-19." *Maney v. Brown*, 2020 WL 7364977, at *6 (D. Or. Dec. 15, 2020) (denying qualified immunity to prison officials because inmates had "a clearly established constitutional right to protection from a heightened exposure to COVID-19, despite the novelty of the virus"); *Jones v. Sherman*, 2022 WL 783452, at *10 ( "[T]his clearly established right extends to protection from COVID-19."); *Jones v. Pollard*, 2022 WL 706926, at *9 (S.D. Cal. Mar. 9, 2022) ("Existing precedent clearly establishes the right of an individual in custody to protection from heightened exposure to a serious communicable disease."); *Hernandez v. Covello*, 2024 WL 643874, at *5 (E.D. Cal. Feb. 15, 2024) (denying defendant's motion for qualified immunity because inmates' clearly established right to be protected from serious, communicable diseases extends to protection from COVID-19).  This court finds those cases persuasive and concludes that the right to be protected against a heightened exposure to serious, easily communicable diseases, including COVID-19, was clearly established at the time of plaintiff's infection in November 2020.

Here, although defendant had not yet tested positive for Covid-19,[3] plaintiff's declaration attests that the defendant was coming to work the week of November 9 through November 13, 2020 displaying symptoms of Covid-19, including puffy red eyes, continuous running nose, continuous cough and exhaustion.  ECF No. 40 at 1.  If plaintiff's testimony is credited, the defendant obviously was aware of his symptoms.  According to plaintiff, the defendant stated that he was not reporting his symptoms because he did not want to be excluded from work due to prison protocols.  ECF No. 40 at 18-19.  Plaintiff also attests that during that time the defendant refused to wear a face mask, all the while being in the presence of plaintiff and other inmates.  ECF No. 40 at 18.   If plaintiff's account of the facts is credited, the defendant's conduct not only manifests deliberate indifference, it shows that the defendant was aware of, but disregarded protocols designed to protect inmates from an infection of Covid-19, in violation of a clearly

---

[3] Defendant received his positive test result on November 20, 2020.

established right to protection from a heightened exposure to "serious, communicable diseases." *Helling v. McKinney*, 509 U.S. at 33.

Although the defendant may dispute plaintiff's version, the conflicting accounts of what occurred cannot be resolved on summary judgment.

Accordingly, it is HEREBY RECOMMENDED THAT:

Defendant's motion for summary judgment (ECF No. 32) on the ground of qualified immunity be DENIED;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 27, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE